# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40292

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CARLOS ORTIZ-GOMEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Carlos Ortiz-Gomez appeals his sentence, contending that his prior conviction under Pennsylvania law for a terroristic threat was not a crime of violence within the meaning of the federal Sentencing Guidelines. We vacate and remand for resentencing.

## I

Ortiz-Gomez was convicted in Pennsylvania of making a terroristic threat in violation of title 18 Pennsylvania Consolidated Statutes § 2706(a). Following this conviction and resulting incarceration, he was removed from York, Pennsylvania, to Mexico, and days later, in October 2007, he was apprehended in Texas. He pleaded guilty to being found in the United States without

permission after deportation. At sentencing, the district court increased Ortiz-Gomez's base offense level of eight by sixteen levels based on his prior Pennsylvania conviction. Ortiz-Gomez's adjusted offense level of twenty-four was reduced by three levels for acceptance of responsibility, resulting in a total offense level of twenty-one. With a criminal-history category of V, Ortiz-Gomez's advisory sentencing guidelines range was seventy to eighty-seven months of imprisonment.

Ortiz-Gomez filed an objection to the sixteen-level enhancement, arguing that his prior terroristic-threats conviction was not a crime of violence because it did not have as an element "the use, attempted use, or threatened use of physical force against the person of another."[1] The district court overruled Ortiz-Gomez's objection and sentenced him to seventy months of imprisonment and three years of supervised release. Ortiz-Gomez filed a timely notice of appeal.

## II

A "crime of violence," as that term is used in § 2L1.2(b)(1)(A)(ii) of the 2007 Sentencing Guidelines, means any of the following:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.[2]

Because making terroristic threats is not an enumerated offense, it is a "crime of violence" under this provision of the Sentencing Guidelines only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."[3]

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(iii) (2007).

[2] *Id.*

[3] *Id.*

We review de novo a district court's determination that a defendant was previously convicted of a crime of violence.[4] When the Guidelines require that an offense must have a particular element, "[w]e examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether an offense meets the definition of a COV [(crime of violence)]."[5]

Pennsylvania's terroristic-threats statute, under which Ortiz-Gomez was convicted, provides:

> (a) Offense defined - A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>
> (1) commit any crime of violence with intent to terrorize another;
>
> (2) cause evacuation of a building, place of assembly or facility of public transportation; or
>
> (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.[6]

This statute defines multiple offenses, and it is apparent from its face that one or more of those offenses do not have as an element the use, attempted use, or threatened use of physical force against the person of another. In such circumstances, we may consider documents establishing a conviction to "pare

---

[4] *United States v. Dominguez*, 479 F.3d 345, 347 (5th Cir. 2007).

[5] *Id.* (citing *United States v. Calderon-Pena*, 383 F.3d 254, 257-58 (5th Cir. 2004) (en banc)). *See generally United States v. Hayes*, No. 07-608, 2009 WL 436680, at *3 (U.S. Feb. 24, 2009) (holding that although the government must establish beyond a reasonable doubt that the underlying offense was committed against a person with a specified domestic relationship, 18 U.S.C. § 922(g)(9) does not require the predicate offense to have the specified domestic relationship as an element).

[6] 18 PA. CONS. STAT. § 2706(a) (2000).

down a statute"[7] to determine if the offense for which the defendant was convicted constitutes a crime of violence even if there are other means of violating the statute that would not qualify as a crime of violence. The charging document and the trial court's plea/sentence form are part of the record in the present case and may be considered in determining if Ortiz-Gomez's conviction was based on one of the subsections of the Pennsylvania statute.[8] Count two of the Criminal Information (Information) alleged that Ortiz-Gomez violated section 2706(a)(1) by "threaten[ing] to commit any crime of violence with intent to terrorize another, to wit Alfonso Perez." Additionally, the Pennsylvania court's plea/sentence form reflects that Ortiz-Gomez pleaded guilty to violating section 2706(a)(1) as stated in count two of the Information. These documents demonstrate that Ortiz-Gomez pleaded guilty to and was convicted of violating section 2706(a)(1), and we do not have any record of a plea agreement or colloquy that would indicate what "crime of violence" Ortiz-Gomez threatened to commit.

Section 2706(a)(1) does not define "crime of violence," and that term has varying definitions in Pennsylvania statutes.[9] Under such circumstances Pennsylvania law directs that the phrase is to be "construed according to the fair

---

[7] *Perez-Munoz v. Keisler*, 507 F.3d 357, 361 (5th Cir. 2007) (citing *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 467-68 (5th Cir. 2006) and *Calderon-Pena*, 383 F.3d at 254).

[8] *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (holding that in determining if an enhancement under the Armed Career Criminal Act applied when the defendant had pleaded guilty a prior offense, "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [ ] some comparable judicial record of this information" could be used to establish the predicate offense); *see also United States v. Martinez-Paramo*, 380 F.3d 799, 805 (5th Cir. 2004) (remanding to the district court to determine, based upon the information, plea agreement, and plea colloquy, which subsection of section 2706 applied).

[9] *Compare* 42 PA. CONS. STAT. ANN. § 9714(g) (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2) (pertaining to mandatory sentences), *with* 71 PA. CONS. STAT. ANN. § 299(h) (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2) (pertaining to reprieves, commutations of sentences, and pardons).

import of [its] terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved."[10] At least one Pennsylvania court has concluded that the "special purpose of section 2706 . . . 'is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience.'"[11]

Although we cannot identify with certainty every crime that might be considered a "crime of violence" under section 2706, we have little difficulty in concluding that the crimes listed in a Pennsylvania statute imposing mandatory minimum sentences for second or subsequent offenders[12] fall within section 2706's ambit. This mandatory sentencing statute[13] is referenced in several other of the state's laws for the operable definition of "crime of violence."[14]

Section 9714(g) defines "crime of violence" as including "arson as defined in 18 Pa.C.S. § 3301(a)." Section 3301(a) provides in pertinent part:

(a)     Arson endangering persons.--

(1)     A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

---

[10] 18 PA. CONS. STAT. ANN. § 105 (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2); *see also Commonwealth v. Ferrer*, 423 A.2d 423, 424 (Pa. Super. Ct. 1980).

[11] *Ferrer*, 423 A.2d at 425 (emphasis omitted) (quoting *Commonwealth v. Sullivan*, 409 A.2d 888, 889 (Pa. Super. Ct. 1979)).

[12] *See* 42 PA. CONS. STAT. ANN. § 9714(g).

[13] *Id.*

[14] *See id.* § 9712(a) (citing 42 PA. CONS. STAT. ANN. § 9714(g) for the definition of crime of violence); *id.* § 9713(a) (same); 61 PA. STAT. ANN. § 331.19 (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2) (same); 204 PA. CODE § 303.7(a)(1) (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2) (same).

    (i)     he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or

    (ii)    he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.[15]

This statute defines "occupied structure" as "[a]ny structure, vehicle or place adapted for overnight accommodation of persons or for carrying on business therein, whether or not a person is actually present."[16]

The offense of arson under section 3301(a)(1) does not have as an element "the use, attempted use, or threatened use of physical force against the person of another." The crime can be established by proving that a defendant started a fire for the purpose of damaging a structure "adapted for overnight accommodation" regardless of whether a person is present. Because arson can be a predicate offense for the crime of terroristic threats, a conviction for terroristic threats under section 2706(a)(1) that does not specify the predicate offense does not qualify as a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii) of the federal Sentencing Guidelines.

The Government argues that the Third Circuit in *Bovkun v. Ashcroft*[17] held that section 2706(a) requires a threat to use physical force against the person of another. However, *Bovkun* addressed whether the Pennsylvania terroristic-threats offense was a crime of violence within the meaning of 18 U.S.C. § 16(a),[18] which defines a crime of violence to include threatened use of physical force

---

[15] 18 PA. CONS. STAT. ANN. § 3301(a) (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2).

[16] *Id.* § 3301(j).

[17] 283 F.3d 166 (3d Cir. 2002).

[18] *Id.* at 170.

against property.[19] The federal Sentencing Guidelines section at issue, § 2L1.2, does not include crimes pertaining to property in describing the non-enumerated offenses that constitute a crime of violence. The force must be against a person. The decision in *Bovkun* is distinguishable from the present case on this basis. We do not consider today whether our court's decision in *United States v. Villegas-Hernandez*[20] is in tension with *Bovkun*. We held in *Villegas-Hernandez* that a subsection of a Texas statute defining an assault offense did not have actual, attempted, or threatened use of force against the person of another as an element.[21] A definition of aggravated assault under Pennsylvania law is similar to the Texas statute[22] at issue in *Villegas-Hernandez*.

The generic terroristic-threat offense of which Ortiz-Gomez was convicted is not a crime of violence. There is a realistic probability[23] that Pennsylvania courts would hold that a threat to commit arson with intent to terrorize another would constitute a violation of section 2706(a)(1). That crime does not have as

---

[19] *See* 18 U.S.C. § 16(a) ("The term 'crime of violence' means--(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . .").

[20] 468 F.3d 874 (5th Cir. 2006).

[21] *Id.* at 882.

[22] *Compare* 18 PA. CONS. STAT. ANN. § 2702(a)(1) (West, Westlaw through Reg. Sess. Act 2008-132 and 2007-2008 Sp. Sess. No. 1 Act 2) (stating that aggravated assault has been committed when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life"), *with* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2008) (stating that assault has been committed when a person "intentionally, knowingly, or recklessly causes bodily injury to another").

[23] *See generally James v. United States*, 127 S. Ct. 1586, 1597 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." (alteration in original) (quoting *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007))).

an element the use, attempted use, or threatened use of force against a person, and the district court erred in applying a sixteen-level enhancement. This error was not harmless because absent the enhancement, Ortiz-Gomez's total offense level would have been six,[24] which, with a criminal history category of V, would have resulted in an advisory sentencing range of nine to fifteen months under the Sentencing Guidelines—far less than the seventy-month sentence imposed. There is no indication in the record that the district court would have imposed seventy months of imprisonment even if the enhancement were inapplicable.

## III

Ortiz-Gomez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*.[25] Ortiz-Gomez's argument is foreclosed by *Almendarez-Torres v . United States*, in which the Supreme Court held that treatment of prior convictions as sentencing factors was constitutional.[26] As Ortiz-Gomez readily concedes, "[t]his court has repeatedly rejected arguments like the one made by [Ortiz-Gomez] and has held that *Almendarez-Torres* remains binding despite *Apprendi*."[27]

\* \* \*

For the foregoing reasons, we VACATE and REMAND for resentencing.

---

[24] *See* U.S.S.G. § 3E1.1 (stating that acceptance of responsibility decreases the offense level by three levels only if the offense level is sixteen or greater; otherwise, the offense level is decreased by two levels).

[25] 530 U.S. 466 (2000).

[26] 523 U.S. 224, 235 (1998).

[27] *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005).