PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2305
_____

UNITED STATES OF AMERICA

v.

DENORRIS MAHONE,
Appellant


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-08-CR-00180-001
District Judge: The Honorable Gustave Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 24, 2011

Before: FUENTES, SMITH, and GREENBERG,
*Circuit Judges*

(Filed: November 1, 2011)

1

Robert L. Eberhardt
Rebecca R. Haywood
Laura S. Irwin
Kelly R. Labby
Office of the United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219-0000
*Counsel for Appellee*

Elisa A. Long
Office of the Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA  15222-0000
*Counsel for Appellant*

_____

OPINION
_____

SMITH, *Circuit Judge*.

This appeal requires that we determine whether Denorris Mahone's conviction for making terroristic threats under § 2706 of Title 18 of the Pennsylvania Crimes Code constitutes a "crime of violence" under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(a)(2). We conclude, based on the record before us, that Mahone's conviction qualifies as a crime of violence. For that reason,

we will affirm the judgment of the United States District Court.

## I.

Mahone pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A probation officer prepared a presentence report, which determined that Mahone's base offense level under U.S.S.G. § 2K2.1(a)(2) was 24 because he had "at least two felony convictions of either a crime of violence [(COV)] or a controlled substance offense." Mahone objected. He acknowledged that he had a prior conviction for a controlled substance offense. But he asserted that his base offense level should have been only 20 because his 1994 conviction under Pennsylvania law for making terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 did not qualify as a COV.

Prior to sentencing, the District Court issued a memorandum order and tentative findings and rulings. It concluded that Mahone's terroristic threats conviction qualified as a COV for purposes of U.S.S.G. § 2K2.1(a)(2). Thereafter, it sentenced Mahone to a within-guideline sentence of 80 months of imprisonment, followed by a three

year term of supervised release. This timely appeal followed.[1]

## II.

Mahone pleaded guilty to violating 18 U.S.C. § 922(g)(1). Appendix A to the Sentencing Guidelines specifies that § 2K2.1 governs the computation of the offense level for § 922(g)(1) offenses. Guideline 2K2.1(a)(2) provides that the base offense level is "24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a [COV] or a controlled substance offense[.]" The Commentary to § 2K2.1 instructs that COV "has the meaning given that term in § 4B1.2(a) and Application Note 1" to that guideline. U.S.S.G. § 2K2.1, cmt. n.1. Section 4B1.2 of the Sentencing Guidelines defines the term COV as, *inter alia*, "any offense . . . that - (1) has as an element the use, attempted use, or

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review of the District Court's determination that Mahone's conviction for making terroristic threats constituted a COV under U.S.S.G. § 2K2.1(a)(2). *United States v. Stinson*, 592 F.3d 460, 462 n.1 (3d Cir. 2010).

4

threatened use of physical force against the person of another[.]"[2] U.S.S.G. § 4B1.2(a)(1).

In resolving the question of whether making terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 satisfies the definition of COV in U.S.S.G. § 4B1.2(a)(1), we must employ the "formal categorical approach" applied by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 1990).[3] This approach mandates that we look "only to the

---

[2] A prior conviction will not qualify as a COV under U.S.S.G. § 4B1.2(a) unless it is a federal or state offense "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). That requirement is not in dispute here.

[3] The definition of COV in U.S.S.G. § 4B1.2(a)(1) is the same as the definition of "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(i). The guidelines definition of COV in § 4B1.2(a)(1) is also the same as the definition of COV in 18 U.S.C. §§ 16(a) and § 924(c)(3), except that those sections encompass crimes involving a use of force against the "property of another," not just crimes against the person of another. As a result, "authority interpreting one [of these other statutory provisions] is generally applied to the other[.]" *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009); *see also United States v. Polk*, 577 F.3d 515, 519 n.1 (3d Cir. 2009) (observing that the Supreme Court has treated the definitions of "violent felony" in the ACCA and "crime of violence" under the "Career Offender Guidelines" as "close enough that

statutory definition[] of the prior offense[], and not to the particular facts underlying" that conviction. *Id.* at 600. Our inquiry focuses on the "elements and the nature of the offense of conviction," not the details of the crime actually committed. *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004).

The offense of making terroristic threats is set forth in 18 Pa. Cons. Stat. § 2706. In 1994, when Mahone pleaded guilty to violating § 2706, the statute made it unlawful for a person to

> threaten[] to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

18 Pa. Cons. Stat. § 2706 (1972).[4]

---

precedent under the former must be considered in dealing with the latter").

[4] The federal sentencing guideline § 4B1.2(a)(1) and Pennsylvania statute 18 Pa. Cons. Stat. § 2706 both contain the term "crime of violence." We use the acronym COV to refer to the federal sentencing guideline enhancement. In discussing the components of the Pennsylvania offense of making terroristic threats, we refer to "crime of violence" without abbreviation.

6

Like the offense of burglary in *Taylor*, 495 U.S. at 599, the statutory offense of making terroristic threats in § 2706 is broader than the definition of COV in § 4B1.2(a)(1). Section 2706 encompasses some crimes that could be committed by using, attempting to use, or threatening to use "physical force *against the person of another,*" as well as against another person's property. A property offense, however, does not qualify as a COV for purposes of the sentencing guidelines. As a result, it cannot be said that the offense of making terroristic threats under § 2706 categorically qualifies as a COV under § 4B1.2(a)(1).

Our inquiry does not end at this point, however, for there are two exceptions to the formal categorical approach. In *Singh v. Ashcroft*, we explained that the first exception applies when the terms of the federal statute enumerating categories of crimes, which warrant application of the sentencing enhancement, "invite inquiry" into the circumstances surrounding the conviction at issue. 383 F.3d 144, 161 (3d Cir. 2004); *see Nijhawan v. Holder*, 129 S.Ct. 2294, 2301 (2009) (recognizing that some statutes require application of a "circumstance specific approach"). The second exception arises when the "statute of conviction" is "phrased in the disjunctive," *Singh*, 383 F.3d at 162, and it is unclear "what elements formed the basis for a defendant's underlying conviction." *Evanson v. Attorney Gen.*, 550 F.3d 284, 291 (3d Cir. 2008). "Statutes phrased in the disjunctive are akin to, and can be readily converted to, statutes structured in outline form, with a series of numbered or letter elements." *Id.* The "disjunctive wording or outline formatting" presents either (1) separate subsections that

describe distinct offenses with distinct punishments, *id.*, or (2) "alternate types of conduct" or "variations of the same offense, with no difference in punishment." *Id.*; *see also Garcia v. Attorney Gen.*, 462 F.3d 287, 293 n.9 (3d Cir. 2006).

When the enumerating statute invites inquiry or the statute of conviction is phrased in the disjunctive, the sentencing court applies a modified approach, rather than the formal categorical approach. *Taylor*, 474 U.S. at 602. This modified approach permits a court to look "beyond the mere fact of conviction," *Taylor* 495 U.S. at 602, in order to determine which statutory variation was the basis for the conviction. *Johnson v. United States*, __ U.S. __, 130 S. Ct. 1265, 1273 (2010). If the prior conviction was the result of a guilty plea, as it was in Mahone's case, this modified categorical approach allows the court to examine the charging document, the terms of a plea agreement, or the transcript of a plea colloquy to determine whether a defendant's "plea of guilty [to an offense]. . . necessarily admitted elements" which constitute a COV under U.S.S.G. § 4B1.2(a)(1). *Shepard v. United States,* 544 U.S. 13, 26 (2005).

In this case, the exception for disjunctive statutes of conviction applies. In 1998, the Pennsylvania Legislature amended § 2706, placing the original definition of the offense of making terroristic threats in subsection (a) and adding subsections (b) and (c), which pertained to restitution and the preservation of private remedies. Pub. L. 534, No. 76 § 1 (June 18, 1998). The following year, § 2706 was further amended by breaking the substantive description of the

8

offensive conduct in subsection (a) into numbered parts, *i.e.*, an outline. *See* Pub. L. 915, No. 59, § 2 (Dec. 15, 1999). As amended, § 2706(a) provides:

> (a) Offense defined.--A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
>
>> (1) commit any crime of violence with intent to terrorize another;
>>
>> (2) cause evacuation of a building, place of assembly or facility of public transportation; or
>>
>> (3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience.

18 Pa. Cons. Stat. § 2706(a) (1999). We conclude that the Pennsylvania Legislature's division of the 1972 statute into numbered sections in the 1999 amendment reflects that § 2706 was divisible, describing three variations of the same offense.

Because the version of § 2706 that existed in 1994 at the time of Mahone's conviction could be converted into an outline form, our "next step . . . is to determine whether a

9

violation of some of those sections, but not others, would constitute" a COV. *Joseph v. Attorney Gen.*, 465 F.3d 123, 128 (3d Cir. 2006). Viewed in outline form, it is only § 2706(a)(1) which might qualify as a COV under federal law as it is the only variation that requires at a minimum the "threatened use of physical force *against the person of another.*" *See* U.S.S.G. § 4B1.2(a)(1) (emphasis added); *see also United States v. Ortiz-Gomez*, 562 F.3d 683, 685 (5th Cir. 2009) (noting that it "is apparent from [the statute's] face that one or more of those offenses do not have as an element the . . . threatened use of physical force against the person of another"). Parts (2) and (3) of subsection (a) of the Pennsylvania statute could be proven by establishing that there was a threat to use force against the property of another, as opposed to the "person of another." Furthermore, § 2706(a)(1) is the only subpart that would always require a showing of intentional conduct as opposed to reckless or negligent conduct, which would be insufficient to establish the intent necessary for a COV. *See Singh v. Gonzales*, 432 F.3d 533, 539 (3d Cir. 2005) (explaining that the "use of force" component for a COV under § 16(a), which is similar to U.S.S.G. § 4B1.2(a)(1), "requires specific intent" and that "mere recklessness is insufficient") (citing *Tran v. Gonzales*, 414 F.3d 464, 470 (3d Cir. 2005)); *United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007) (reiterating that categorical crimes of violence require intentional conduct "against another rather than reckless or grossly negligent conduct").

We cannot conclude at this step in our analysis that the statutory variation in § 2706(a)(1) categorically qualifies as a COV under U.S.S.G. § 4B1.2(a)(1) because this variation of

10

the statute contains the undefined term "crime of violence." 18 Pa. Cons. Stat. § 2706(a)(1); *see Bovkun v. Ashcroft*, 283 F.3d 166, 170 (3d Cir. 2002) (observing that the "Pennsylvania Legislature has not defined the meaning of the term 'crime of violence' as it is used in Section 2706").[5] Because the state statute invites inquiry into the criminal offense Mahone threatened to commit, we must again apply the modified categorical approach to determine what was the underlying crime of violence. *Singh*, 383 F.3d at 161.

---

[5] We recognize that we determined in *Bovkun* that the crime of making terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43) because it was a COV under 18 U.S.C. § 16. 283 F.3d at 170. There, we noted that § 2706, the state statute of conviction, had subsequently been amended and subdivided into subsections (1) – (3). 283 F.3d at 169 n.4. This amendment did not change our analysis, we explained, because the threat to commit a crime of violence had to be shown in every case.

*Bovkun* is not controlling here as it preceded our decision in *Singh*, 383 F.3d at 162, which explained how to properly analyze a divisible statute. Furthermore, the definition of COV in § 16 of the Federal Crimes Code includes not only offenses that have as an element the use of physical force against another person, but also against the property of another. Thus, crimes of violence under § 16 sweep more broadly than the COV definition in U.S.S.G. § 4B1.2(a)(1). Our analysis is limited to crimes involving the use of physical force against the person of another.

11

In *Ortiz-Gomez*, the Fifth Circuit considered whether the District Court erred by concluding that the defendant's prior conviction for making terroristic threats in violation of Pennsylvania's statute, 18 Pa. Cons. Stat. § 2706, qualified as a COV. 562 F.3d at 683. The Fifth Circuit determined that § 2706(a)(1) was the basis for the defendant's conviction. It recognized, however, that it had to look further to determine the predicate crime of violence that the defendant had threatened to commit. 562 F.3d at 685. The charging document and the plea/sentence form, however, did not specify the predicate crime of violence that Ortiz-Gomez threatened to commit. Because the term "crime of violence" in § 2706 was undefined, the Court considered a definition of this phrase set forth in another Pennsylvania criminal statute, which listed several "crimes of violence," including arson. *Id.* at 685-86 (citing 42 Pa. Cons. Stat. § 9714(g)). Because the offense of arson could be proven "regardless of whether a person is present," the Court reasoned that arson does not have as an element the threatened use of physical force against *a person*, which is required for a COV under the sentencing guidelines. *Id.* at 686. Accordingly, the Court concluded that "a conviction for terroristic threats under section 2706(a)(1) that does not specify the predicate offense," does not qualify as a COV under the sentencing guideline at issue. *Id.* Consistent with this conclusion, the Court vacated Ortiz-Gomez's sentence, which had been enhanced erroneously on the basis that his Pennsylvania state conviction for making terroristic threats under § 2706 was a COV, and remanded for resentencing.

12

Consistent with *Shepard*'s instruction, we consider the charging document and the guilty plea colloquy, 544 U.S. at 26, to determine the "specific part of [§ 2706] to which [Mahone] in fact pled guilty," *United States v. Johnson*, 587 F.3d 203, 209 (3d Cir. 2009), and, if that part was subsection (a)(1), to ascertain whether there was any specification of the predicate crime of violence. Unlike the charging documents in *Ortiz-Gomez*, which did not specify the predicate offense, Count 1 of Mahone's charging document stated: "The actor threatened to commit the violent crime of criminal homicide with intent to terrorize D. Connolly in violation of Section 2706 of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 PA. C. S. § 2706." The plea colloquy for this offense contains a factual recitation by the prosecutor, which indicates that D. Connolly was a Pittsburgh Police Officer who responded to a domestic dispute. Mahone resisted arrest. Once subdued, he "threatened to kill the officers, specifically, Officer Connolly, when he got out of jail." The Court asked Mahone whether, having heard the evidence that was introduced against him, he was "pleading guilty because you are guilty?" Mahone responded: "Yes, I am."

These materials demonstrate that Mahone's guilty plea was to the variation of the statute codified in § 2706(a)(1), which, depending on the predicate offense, may constitute a COV under U.S.S.G. § 4B1.2(a)(1). Furthermore, Mahone's charging document specified that the predicate "crime of violence" was "criminal homicide," which is defined in 18 Pa. Cons. Stat. § 2501. That statutory provision states that "[a] person is guilty of criminal homicide if he intentionally,

13

knowingly, *recklessly or negligently* causes the death of another human being." *Id.* (emphasis added).

Citing the disjunctive nature of § 2501, Mahone contends that the offense of criminal homicide cannot qualify as a COV because it could be proven by either reckless or negligent conduct, neither of which would satisfy the mens rea required for a COV. Superficially, this argument may seem to have some merit. But we conclude that the only variations of the criminal homicide statute that could serve as the predicate crime of violence for purposes of § 2706 is the act of intentionally or knowingly causing the death of another. This is so because a person cannot threaten to terrorize another with a reckless act. *See Knapik v. Ashcroft*, 384 F.3d 84, 91 (3d Cir. 2004) (explaining that "[a] person cannot intend to commit a criminally reckless act. He or she either acts recklessly or does not."). Similarly, a person cannot threaten to terrorize another with subsequent negligent conduct. *See Otero*, 502 F.3d at 335 (reiterating that a categorical COV requires intentional conduct and that grossly negligent conduct cannot be a basis for a COV). In short, it is oxymoronic to suggest that one can intend to threaten another with an unintentional act.

Having determined that neither recklessly nor negligently causing the death of another may constitute the predicate offense of criminal homicide necessary for a conviction for making terroristic threats under § 2706(a)(1), there remains one issue for our determination. Does the predicate offense of criminal homicide by intentionally and knowingly causing the death of another have as an element the "use, attempted use or threatened use of physical force . . .

14

against the person of another" that is required for a COV under U.S.S.G. § 4B1.2(a)(1)? In considering this, we find the Supreme Court's decision in *Johnson* instructive. 130 S. Ct. at 1265. There, the Court had to determine whether the mere intentional touching of another person, which would be sufficient to constitute a technical battery under Florida state law, was a "violent felony" for purposes of the ACCA. The Court declared that in the "context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person."[6] 130 S. Ct. at 1271. We conclude that threatening to use force that is capable of causing the death of another satisfies the "physical force" element necessary for a COV under U.S.S.G. § 4B1.2(a)(1).

To recap, application of the formal categorical approach demonstrated that the offense of making terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 is broader than the definition of COV under U.S.S.G. § 4B1.2(a)(1). Because § 2706 is phrased in the disjunctive, we applied the modified categorical approach, outlining § 2706 to determine if there was a variation that could constitute a COV. We concluded that there may be such a variation if the conviction is threatening to commit a crime of violence with intent to terrorize another person. We recognized, however, that a

---

[6] As noted above, *supra* note 3, the ACCA definition of "violent felony" requires, like the guideline at issue here, that the conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(b)(i).

15

modified approach must also be employed to determine whether the underlying state crime of violence could satisfy the requirements for a federal COV. Employing this modified approach to the predicate offense of criminal homicide in § 2501, we concluded that Mahone's charging document and his plea colloquy demonstrated that his conviction under § 2706 for threatening to commit criminal homicide constituted a COV under U.S.S.G. § 4B1.2(a)(1) because it always "has as an element the . . . threatened use of physical force against the person of another[.]"

For the above stated reasons, we will affirm the judgment of the District Court.

16