NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3121
_____

CINDY WORRELL,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A036-800-335)
Immigration Judge:  Honorable Philip Verrillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2012

Before:  FUENTES, FISHER and GREENBERG, *Circuit Judges*.

(Filed: October 16, 2012 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Petitioner, Cindy Worrell, seeks review of a decision of the Board of Immigration

Appeals affirming the Immigration Judge's order to pretermit her application for

cancellation of removal pursuant to 8 U.S.C. § 1229b(a) along with its order that she be removed to Barbados. For the reasons set forth below, we will grant the petition and remand for further proceedings.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Worrell was born in Barbados on September 28, 1968, and came to the United States as a lawful permanent resident in 1981. On June 23, 1994, she was convicted for possession of stolen mail under 18 U.S.C. § 1708, a crime for which she pled guilty and was sentenced to five years probation along with $6,800 in restitution. On September 20, 2007, Worrell was inspected at the Philadelphia International Airport after applying for admission as a returning Lawful Permanent Resident, at which point, due to her prior conviction, she was charged as inadmissible under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i)(I).

At a hearing on February 23, 2009, Worrell indicated her intention to file an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). After several continuances, the Department of Homeland Security ("DHS"), on July 30, 2010, filed a motion to pretermit Worrell's application for cancellation of removal. The Immigration Judge ("IJ"), on November 8, 2010, granted DHS's motion. The IJ held that Worrell's

2

conviction for possession of stolen mail was an aggravated felony under 8 U.S.C.

§ 1101(a)(43)(M)(i), and thus she was not eligible for cancellation of removal. The IJ

then ordered that Worrell be removed to Barbados. The Board of Immigration Appeals

("BIA"), on July 8, 2011, affirmed the IJ's reasoning and upheld the decision. On

August 5, 2011, Worrell filed a petition for review of the BIA decision as a final order

pursuant to 8 U.S.C. § 1101(a)(47)(B).

## II.

We have jurisdiction to review questions of law stemming from final orders of

removal issued by the BIA. 8 U.S.C. § 1252(a)(2)(D). We generally engage in *de novo*

review of aggravated felony determinations, *Denis v. Att'y Gen.*, 633 F.3d 201, 208 (3d

Cir. 2011), and give *Chevron* deference to the BIA when we cannot ascertain the

meaning of language in the INA by its plain terms, statutory context, or by resort to

legislative history. *Id.* at 208-09; *see Chevron, U.S.A., Inc. v. Natural Res. Def. Council,*

*Inc.*, 467 U.S. 837, 842-44 (1984). Where the BIA issues an opinion, as it did here, we

review the BIA's disposition and look to the IJ's ruling only insofar as the BIA deferred

to it. *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010).

## III.

In general, an alien is ineligible to be admitted to the United States if he or she has

been convicted of "a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(1).

The Attorney General may cancel removal in the case of an alien who is inadmissible if

3

the alien "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continually for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).  The term "aggravated felony" includes an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  8 U.S.C. § 1101(a)(43)(M)(i).

Worrell was convicted for possession of stolen mail under 18 U.S.C. § 1708, which reads as follows:

> Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or
>
> Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mails, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or
>
> Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted --
>
> Shall be fined under this title or imprisoned not more than five years, or both.

4

Worrell conceded that her conviction for possession of stolen mail was a crime involving moral turpitude. Additionally, the government, in moving to pretermit Worrell's application, conceded that the physical presence requirements for cancellation of removal were not at issue. Thus, the sole dispositive question addressed by both the IJ and the BIA was whether Worrell's conviction for possession of stolen mail constitutes an aggravated felony. We will address the BIA's adjudication of that question.

To determine whether an offense amounts to an aggravated felony, we presumptively apply a "formal categorical approach" by looking to the statute defining the crime of conviction, rather than to the specific facts underlying the crime. *Kawashima v. Holder*, 132 S. Ct. 1166, 1172 (2012). The Supreme Court, however, has held that it is appropriate to go beyond the statute defining the crime of conviction in a narrow range of cases. *See Shepard v. United States*, 544 U.S. 13, 19-20 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990).

Where a statute of conviction contains disjunctive elements, some of which are sufficient for conviction of the federal offense and others of which are not, we have taken a "modified categorical approach" by examining the record of conviction for the narrow purpose of determining the specific subpart under which the defendant was convicted. *Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 466 (3d Cir. 2009). We have applied this approach even when clear sectional divisions do not delineate the statutory variations. *See Garcia v. Att'y Gen.*, 462 F.3d 287, 293 n.9 (3d Cir. 2006). The record of conviction

5

in a pleaded case consists of the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard*, 544 U.S. at 16. In applying the modified categorical approach, we will not review factual assertions that are not contained in the record of conviction. *See Evanson v. Att'y Gen.*, 550 F.3d 284, 293 (3d Cir. 2008).

Factual assertions not contained in the record of conviction may be reviewed under a "circumstance-specific approach" only in rare cases where particular categories of offenses "invite inquiry" into the facts of the underlying conviction. *United States v. Mahone*, 662 F.3d 651, 653 (3d Cir. 2011) (citing *Singh v. Ashcroft*, 383 F.3d 144, 161 (3d Cir. 2004)); *see Nijhawan v. Holder*, 557 U.S. 29, 38-40 (2009) (applying the circumstance-specific approach to determine monetary loss for purposes of 8 U.S.C. § 1101(a)(43)(M)(i)).

Here, the IJ applied the modified categorical approach after determining that 18 U.S.C. § 1708 covers conduct that involves fraud or deceit along with conduct that does not. The IJ recognized that Worrell's record of conviction consisted of the plea agreement and the criminal information, and that a review of the factual assertions outside of the record of conviction was not permitted. The IJ then concluded that the

record of conviction showed that Worrell negotiated stolen checks, and thus that her offense involved fraud or deceit.[1]

However, as recognized by the government, neither the plea agreement nor the criminal information shows that Worrell negotiated the checks or that her conduct involved fraud or deceit. Worrell's plea agreement merely addresses her obligation to fully discuss her involvement in the theft and negotiation of the checks, but does not actually state that she negotiated the checks or that her offense involved fraud or deceit. An application of the modified categorical approach to this record of conviction thus shows that Worrell was convicted under the third clause of 18 U.S.C. § 1708 – the one clause with no "fraud or deception" language.

In sum, the record of conviction, composed of the plea agreement and criminal information, when analyzed under the modified categorical approach, does not support the conclusion that Worrell was convicted of a crime that involves fraud or deceit.

IV.

For the foregoing reasons, we will grant the petition and remand to the BIA for it to determine, in light of this opinion, whether Worrell's conviction under 18 U.S.C. § 1708 constituted an "aggravated felony" as defined by 8 U.S.C. § 1101(a)(43)(M)(i),

---

[1] The BIA specifically relied on the IJ's conclusion that the record of conviction showed that Worrell used fraud or deception in the theft and negotiation of checks.

and thus whether it should pretermit Worrell's application for cancellation of removal

pursuant to 8 U.S.C. § 1229b(a).