# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51286
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

SILVIA MANUELA PADILLA-LOERA,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2169-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Silvia Manuela Padilla-Loera pleaded guilty of illegally reentering the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51286

United States after deportation. On appeal of her sentence, she challenges a sixteen-level increase in her offense level based on a pre-deportation conviction in Oklahoma for assault and battery with a dangerous weapon, which was deemed a "crime of violence" ("COV") under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We review Padilla-Loera's challenge *de novo* because she properly objected to the increase in the district court. *See United States v. Ortiz-Gomez*, 562 F.3d 683, 684 (5th Cir. 2009).

A COV is defined as any of several enumerated offenses, including "aggravated assault." § 2L1.2, comment. (n.1(B)(iii)). Because we agree with the district court that the Oklahoma offense qualifies as an aggravated assault, we need not decide in the alternative whether it "has as an element the use, attempted use, or threatened use of physical force." § 2L1.2, comment. (n.1(B)(iii)); *see United States v. Velasco*, 465 F.3d 633, 637 & n.4 (5th Cir. 2006).

We determine whether a prior offense is an enumerated COV by looking to the elements of the offense rather than the defendant's conduct. *Descamps v. United States*, 133 S. Ct. 2276, 2287−88; *United States v. Martinez-Flores*, 720 F.3d at 293, 296 (5th Cir. 2013). If the elements are the same as or narrower than the "generic, contemporary meaning" of the enumerated offense, the prior offense is a COV. *Id*. at 295−96. Where a "statute sets out one or more elements of the offense in the alternative," and some elements make the generic enumerated offense while others do not, we may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2281. We then compare the elements of the offense, as narrowed by the documents, with the elements of the generic offense. *See id*.

No. 12-51286

The generic contemporary definition of "aggravated assault" is an assault that is aggravated by either of two traditional factors, namely "serious" bodily injury or the use of a deadly weapon. *See Martinez-Flores*, 720 F.3d at 296, 299 & nn.6 & 7 (referring to MODEL PENAL CODE § 211.1(2)); *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 47 (5th Cir. 2009) (same). The Oklahoma statute provides,

> Every person who, with intent to do bodily harm . . . commits any assault, battery, or assault and battery upon the person of another *with any sharp or dangerous weapon*, or who . . . shoots at another, with any kind of firearm, air gun, conductive energy weapon or other means whatever . . . is guilty of a felony . . . .

21 OK. ST. ANN. § 645 (emphasis added). Under Oklahoma law, the "dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon with intent to do bodily harm from a simple assault." *Wilcox v. State*, 166 P. 74, 75 (Ok. Crim. App. 1917). The approved state-court documents show that Padilla-Loera was convicted under the "dangerous weapon" alternative.

Padilla-Loera contends that the Oklahoma crime is not generic aggravated assault because it does not require "serious" bodily harm but only "bodily harm." We need not answer this contention because, even without "serious" bodily injury, a simple assault that is made "aggravated" by the use of a deadly weapon is a COV. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 199 (5th Cir. 2007); *cf. Martinez-Flores*, 720 F.3d at 295, 298-99 & n.6 (indicating that the defendant's prior offense would have been aggravated assault had he been convicted of using a deadly weapon as originally charged); *Velasco*, 465 F.3d at 637 n.4 (noting in *dictum* that the conviction would be an aggravated assault under the Model Penal Code because the defendant used a weapon). Padilla-Loera's prior offense was a generic aggravated assault under the dangerous-weapon provision of the Oklahoma statute.

No. 12-51286

Padilla-Loera nonetheless maintains that the Oklahoma crime is not aggravated assault because it requires the use of a "dangerous" weapon rather than a "deadly" one. That conclusional assertion deserves merits no consideration because it merely presumes, without explanation, that there is a distinction between a "dangerous" weapon and a "deadly" one. *See United States v. McMillan*, 600 F.3d 434, 457 n.75 (5th Cir. 2010) (declining to review conclusional assertions).

In any event, we have not recognized any distinction between a dangerous weapon and a deadly one. The guideline definition of "aggravated assault" refers to "a dangerous weapon," which is defined to include "an instrument capable of inflicting death or serious bodily injury." § 1B1.1, comment. (n.1(D)(i) (dangerous weapon)); § 2A2.2, comment. (n.1) (aggravated assault). Likewise, under Oklahoma law, "[a] dangerous weapon is one likely to produce death or great bodily injury by the use made of it." *Wilcox*, 166 P. at 75. The Model Penal Code similarly defines a "deadly weapon" as any item "'which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.'" *United States v. Sanchez-Ruedas*, 452 F.3d 409, 414 (5th Cir. 2006) (quoting MODEL PENAL CODE § 210.0(4)). Further, our pattern jury instructions use a single, similar definition for the inclusive term "deadly or dangerous weapon." 5th CIR. PATTERN JURY INSTRUCTIONS: CRIMINAL §§ 2.09, 2.79 (2012); *see United States v. Williams*, 520 F.3d 414, 421 (5th Cir. 2008).

The judgment of sentence is AFFIRMED.