# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40080

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS DAVID AMAYA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-563

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Carlos David Amaya pled guilty to a violation of 8 U.S.C. § 1326(a) and (b)(1), for being unlawfully present in the United States after deportation subsequent to a felony conviction. Amaya's sole issue on appeal involves the district court's addition of a 16-level enhancement for a previous conviction constituting a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In applying the 16-level enhancement, the district court referred to Amaya's 2005 Iowa conviction for "Assault with Intent to Commit Sexual Abuse." IOWA CODE

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40080

§ 709.11.  Amaya contends that this conviction is neither an enumerated offense under § 2L1.2's definition of a crime of violence, nor fits within that section's residual clause (because it is not "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another").  We AFFIRM.

## I.

Amaya is a 32-year-old citizen of El Salvador.  In June 2012, Customs and Border Protection agents encountered him illegally entering the United States near Brownsville, Texas.  A background check revealed in 2005 he had pled guilty to, and been convicted of, assault with intent to commit sexual abuse in an Iowa state court, for which he received a two-year suspended sentence.  Amaya was arrested and indicted for being unlawfully present in the United States after deportation subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1).  He pled guilty to the charge.

According to the original pre-sentencing report ("PSR"), Amaya's total offense level was 21.  The probation officer recommended a base offense level of eight and a 16 level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a "crime of violence" based on his 2005 Iowa conviction.  Amaya received a three-level reduction for acceptance of responsibility.  With his total offense level of 21, the Guidelines advisory sentencing range was 37 to 46 months.  Amaya filed a written objection to the PSR's recommendation of a 16-level crime of violence enhancement; he contended that the 2005 Iowa conviction was not an "aggravated felony" because it was a general intent crime with no requirement that there be actual physical contact.[1]

---

[1] Amaya appears to have mistakenly objected to the application of U.S.S.G. § 2L1.2(b)(1)(C), which mandates an increase of 8 offense levels when the offender has a prior conviction for an "aggravated felony."

No. 13-40080

The Probation Office filed an addendum to the PSR, which noted that Amaya's 2005 Iowa conviction qualified as a crime of violence under the definitions of two enumerated offenses, either as a "forcible sex offense" or as "sexual abuse of a minor."[2] At his sentencing hearing, Amaya again raised his objection to the 16-level enhancement, but did so under the incorrect subsection of § 2L1.2. The district court overruled Amaya's objection and added the 16-level crime of violence enhancement, holding that Amaya's 2005 conviction met the definition of a "forcible sex offense," which is an enumerated offense under the Guidelines. The district court also recognized the possibility that his previous conviction qualified as "sexual abuse of a minor," but it applied the enhancement based solely on the "forcible sex offense" rationale. After addressing the propriety of the 16-level enhancement, the district court sentenced Amaya to 42 months of imprisonment. Amaya timely appealed.

II.

Although post-*Booker* the Sentencing Guidelines are advisory only, the district court must still properly calculate the Guidelines-sentencing range when imposing a sentence. *Gall v. United States,* 552 U.S. 38, 51 (2007). We review properly preserved objections to a district court's interpretation of the Guidelines de novo and the district court's factual determinations for clear error. *United States v. Garza*, 587 F.3d 304, 308 (5th Cir. 2009) (citation omitted).

The Government maintains that our review should be for plain error because Amaya failed to preserve the issue by misstating the subsection under which his sentence was enhanced during his sentencing hearing. Although Amaya misstated the subsection, he nevertheless "raise[d] a claim of error with

---

[2] The addendum made no mention of whether the 2005 Iowa conviction had as an element the use, attempted use, or threatened use of physical force against the person of another.

No. 13-40080

the district court in such a manner so that [it could] correct itself and thus, obviate the need for our review." *United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995) (citation and internal quotation marks omitted). The transcript from the sentencing hearing shows that the district court engaged in an extended dialogue about the appropriateness of the crime of violence enhancement under § 2L1.2(b)(1)(A)(ii). Furthermore, the Government gave a detailed response on the record in defense of the enhancement. We hold that Amaya's objections were sufficient to preserve the issue for appellate review. Thus, we will review the district court's application of the Guidelines enhancement de novo, and, if we find error, determine whether such error was harmless. *E.g.*, *United States v. Espinoza-Acuna*, 328 F. App'x 918, 919 (5th Cir. 2009) ("Because Espinoza sufficiently preserved his objection to the enhancement, this court will review the record de novo to determine if the enhancement was erroneous and, if so, whether the error was harmless.").

## III.

Section 2L1.2(a) provides for a base offense level of eight when a defendant is convicted of unlawfully entering or remaining in the United States. The court applies an upward adjustment to this base level under subsection (b)(1)(A)(ii) if the offender "previously was deported, or unlawfully remained in the United States, after– (A) a conviction for a felony that is . . . (ii) a crime of violence." A past conviction qualifies as a "crime of violence" under this subsection if it (1) meets the definition of one of the listed enumerated offenses, or (2) falls under the residual clause by having "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

As stated above, Amaya contends that the district court committed reversible error by classifying his 2005 Iowa conviction as a crime of violence under § 2L1.2(b)(1)(A)(ii) and increasing his base offense level by 16 levels.

4

Specifically, he contends that his prior conviction does not meet the definition of either of the enumerated offenses, "forcible sex offense" or "sexual abuse of a minor."   Amaya continues that the conviction cannot fall under the residual clause because it lacks the required "force" element.  Finally, he contends that the court's error in applying this enhancement was not harmless.   The Government maintains, however, that the enhancement was proper both as an enumerated offense (a "forcible sex offense" and "sexual abuse of a minor") and under the residual clause.

We analyze whether a past conviction is a crime of violence under the Guidelines by applying a categorical approach, which examines "the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).  Because we look to the statute of conviction rather than the facts of the crime, "we must presume that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citation and internal quotation marks omitted).  After assuming that the defendant committed the crime in the *least culpable manner*, we match the elements of the state conviction with those of the enumerated offense to determine whether the state conviction is the equivalent of the generic federal offense.  *Id.*

If the state statute of conviction is divisible, however, we may consult allegations in a charging instrument to which a defendant pled guilty. *Rodriguez*, 711 F.3d at 549 n.8 (noting the charging document, terms of a plea agreement, and transcript of the recitation of the factual basis as examples). This consultation is allowed "only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated." *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012).

No. 13-40080

IV.

Amaya pled guilty to assault with intent to commit sexual abuse under IOWA CODE § 709.11. The Guidelines define a felony as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n. 2. Therefore, a conviction under any of the three subsections of IOWA CODE § 709.11 meets the preliminary requirement that a conviction be a "felony" to qualify as a crime of violence. *See id.* at § 2L1.2(b)(1)(A).

We are still, however, left with several disjunctive elements of § 709.11 ("Assault with intent to commit sexual abuse") that need defining. The first element, assault, is defined generally under Iowa law as:

(1) Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act;

(2) Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act; or

(3) Intentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another.

IOWA CODE § 708.1(2). Iowa law defines the next element, "sexual abuse," as:

Any sex act[3] between persons [. . .] by either of the persons when the act is performed with the other person in any of the following circumstances:

1. The act is done by force or against the will of the other. If the consent or acquiescence of the other is procured by threats of violence toward any person or if the act is done while the other is under the influence of a drug inducing sleep or is otherwise in a

---

[3] The term "sex act" is defined in § 702.17 of the IOWA CODE, but it need not be defined for purposes of our review.

6

state of unconsciousness, the act is done against the will of the other.

2.    Such other person is suffering from a mental defect or incapacity which precludes giving consent, or lacks the mental capacity to know the right and wrong of conduct in sexual matters.

3.    Such other person is a child.[4]

*Id.* at § 709.1.  When we apply the modified categorical approach and consult the allegations in the charging instrument to which Amaya pled guilty, we are able to pare down the statute to determine the least culpable conduct that constitutes Amaya's violation of § 709.11.  *Miranda-Ortegon*, 670 F.3d at 663. The charging instrument states that Amaya was charged with the crime of "Assault with the Intent to Commit Sexual Abuse[,]" and alleges that Amaya "did unlawfully and willfully assault[] B.H. with the intent to commit sexual abuse (perform a sex act with a child under the age of 12)."  Therefore, the least culpable conduct comprising Amaya's violation of § 709.11 is that he committed an assault (an "act which is intended to place another in immediate fear of physical contact which will be . . . insulting, or offensive, coupled with the apparent ability to execute the act") with the specific intent to commit sexual abuse (by performing a sex act with a child).

V.

Thus, having pared down IOWA CODE § 709.11, and having established the least culpable conduct comprising Amaya's conviction under that statute, we turn to whether that conduct is the equivalent of the enumerated offense of "sexual abuse of a minor."[5]  *Moncrieffe*, 133 S. Ct. at 1684 (stating that courts

---

[4] Section 702.5 of the IOWA CODE defines a child as "any person under the age of fourteen years."

[5] We "can affirm [an] enhancement based on any ground supported by the record." *United States v. Garcia-Gonzalez*, 714 F.3d 306, 314 (5th Cir. 2013) (citing *United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006)).  Since we hold that Amaya's conviction under § 709.11 is the equivalent of a conviction for the enumerated offense of "sexual abuse

must analyze whether the statute of conviction "necessarily involve[s] . . . facts equating to the generic federal offense"). Where the enumerated offenses are not defined in the Guidelines, and they are non-common-law offense categories, we "use a common sense approach and give the offenses their *generic, contemporary meaning*." *Id.* (internal quotation marks and citation omitted) (emphasis added). This "generic, contemporary meaning" is derived from "the common usage of the[] terms as stated in legal and other well-accepted dictionaries." *Rodriguez*, 711 F.3d at 559.

We have previously held that "sexual abuse of a minor" is a non-common-law offense and have established the generic, contemporary meaning of the crime. *Id.* at 559. First, we generally define "sexual abuse" as "'[a]n illegal sex act, esp[ecially] one performed against a minor by an adult.'" *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005) (quoting BLACK'S LAW DICTIONARY 10 (8th ed. 2004)). The word "sexual" is defined as: "'of, relating to, or associated with sex as a characteristic of an organic being.'" *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2082 (1986)). Abuse is defined as "'tak[ing] unfair or undue advantage of'" or "'us[ing] or treat[ing] [a person] so as to injure, hurt, or damage.'" *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 8 (1986)). The harm constituting "abuse" need not be physical in nature; a minor's unique status means that the harm can be psychological in nature and still constitute abuse. *Id.*

Amaya argues that his conviction under § 709.11, as pared down, did not necessarily involve conduct constituting actual sexual abuse.[6] He points out

---

of a minor" under the Guidelines, we need not reach the question whether that conviction is also the equivalent of a "forcible sex offense."

[6] Amaya also contends that a fourteen-year-old boy could be guilty of assault with intent to commit sexual abuse if he "committed any act that placed a 13-year[-]old girl just shy of her 14th birthday in immediate fear of an offensive physical contact." He argues that such an act would not necessarily be "abusive" under our generic, contemporary definition of

that a defendant may be convicted under § 709.11 even though the defendant's actions never "amount[] to a sex act." *See In re A.G.*, 662 N.W.2d 374 (Iowa Ct. App. 2003) (unpublished). Amaya is correct that a conviction under § 709.11 may stand even though a defendant leaves "without committing [an act of] sexual abuse." *Id.* (upholding a conviction under § 709.11 even though no sexual act took place; specific intent necessary to secure the conviction was proved through the defendant's "deception, assault, and desire to have [sexual relations] with the victim"). Even though no sexual acts need take place under § 709.11, the conviction still meets the generic, contemporary definition of "sexual abuse of a minor" under the Guidelines because it necessarily involves conduct amounting to an attempt to commit that enumerated offense. U.S.S.G. § 2L1.2 cmt. n. 5 (noting that a prior conviction can count as an enumerated offense if the prior conviction involved "aiding and abetting, conspiring, [or] attempting, to commit such offenses").

In the Guidelines context we have recently defined "attempt" as requiring a *mens rea* of "intent to commit some other crime[,]" and an *actus reus* of a "substantial step," denoting "an act strongly corroborative of the actor's criminal intent and . . . amount[ing] to more than mere preparation." *United States v. Sanchez*, 667 F.3d 555, 561 (5th Cir. 2012). In *State v. Maynard*, the Iowa Supreme Court described the type of conduct evidencing the specific intent to commit sexual abuse. 379 N.W.2d 382, 383 (Iowa App.

---

"sexual abuse of a minor" because of the closeness in age between the offender and the child. Insofar as his contention implies that Iowa courts would interpret § 709.11 more broadly because they could hypothetically convict a juvenile in such a situation, "our focus on the minimum conduct criminalized by the state statute is not an invitation to apply legal imagination to the state offense." *Moncrieffe*, 133 S. Ct. at 1684–85 (citation and internal quotation marks omitted). There must be a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *Id.* at 1685 (citation and internal quotation marks omitted). In the words of our court when faced with similar facts, "we will not interpret a statute in a fashion that will produce absurd results." *United States v. Izaguirre-Flores*, 405 F.3d 270, 277 (5th Cir. 2005).

1985).   A conviction under § 709.11 requires evidence that the defendant undertook an overt act that:

> reach[ed] far enough towards the accomplishment . . . to amount to the commencement of the consummation[;] [it must] not [be] merely preparatory . . . it must approach sufficiently near it to stand either as the first or some subsequent step in a direct movement towards the commission of the offense after the preparations are made.

*Id.*; *see also State v. Radeke*, 444 N.W.2d 476, 478 (Iowa 1989).   The overt acts undertaken with the specific intent to commit sexual abuse (perform a sex act with a child) are the equivalent of attempted "sexual abuse of a minor," an enumerated offense that qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

## VI.

Under the categorical approach mandated by the Supreme Court of the United States, the least culpable conduct comprising Amaya's conviction under § 709.11 of the IOWA CODE is the equivalent of the enumerated offense of attempted "sexual abuse of a minor" and qualifies as a crime of violence under 2L1.2(b)(1)(A)(ii) of the Guidelines.   Accordingly, the judgment of the district court is

AFFIRMED.