# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41093
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLY JAVIER DURON-ROSALES, also known as Jose Noel Mercado, also known as Javier Duron-Rosales,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-748-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Willy Javier Duron-Rosales (Duron) appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. He argues that the district court erred by applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(a)(ii) for his being removed following a conviction for a crime of violence based upon his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41093

Louisiana conviction for indecent behavior with a juvenile in violation of LA. REV. STAT. § 14:81. We review de novo whether a prior conviction qualifies as a crime of violence within the meaning of the Guidelines. *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

To determine whether a defendant's prior conviction is a crime of violence under the Guidelines, we use the categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). Under this approach, we analyze the elements of the statute of conviction, not the defendant's specific conduct. *Id.* If a statute has disjunctive subsections, we may apply a modified categorical approach to ascertain under which statutory subsection the defendant was convicted. *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012). Under that approach, we may review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Duron asserts that his prior conviction for indecent behavior with a juvenile in violation of LA. REV. STAT. § 14:81 cannot be narrowed to any particular subsection of LA. REV. STAT. § 14:81 because the court minutes evidencing his plea of no contest do not specifically indicate that he pleaded no contest to the information entered into the record or some other charging document. Nevertheless, he maintains that even assuming that the statute of conviction can be narrowed to LA. REV. STAT. § 14:81(A)(1) based upon the charging information, the application of the enhancement was nevertheless erroneous.

The information charging Duron with the offense charged Duron with "committing a lewd and lascivious act upon a juvenile or in the presence of" a

2

child "under the age of 17 . . . with the intent of arousing or gratifying the sexual desires of either person." Thus, the charging information shows that Duron was charged with violating LA. REV. STAT. § 14:81(A)(1), not the alternative statutory subsection LA. REV. STAT. § 14:81(A)(2), which deals with communications. *See* LA. REV. STAT. § 14:81. The court minutes from Duron's guilty plea show that Duron pleaded no contest to indecent behavior with a juvenile, but did not specify any particular charging instrument to which Duron pleaded no contest. Despite the lack of particularity in the minutes of Duron's guilty plea, we may nevertheless rely upon the charging information to determine that Duron pleaded guilty to violating LA. REV. STAT. § 14:81(A)(1). *See United States v. Castillo-Morales*, 507 F.3d 873, 875-77 (5th Cir. 2007).

Duron asserts that his prior conviction was not for a crime of violence because LA. REV. STAT. § 14:81(A)(1) is too broad to be the enumerated offense of sexual abuse of a minor. He argues that LA. REV. STAT. § 14:81(A)(1) is too broad because it allows for a victim under the age of 17 and requires only a two-year age differential between the victim and the offender instead of requiring a victim under the age of 16 and a four-year age differential. As Duron concedes, these arguments are foreclosed. *See Rodriguez*, 711 F.3d at 560, 562 n.28.

According to Duron, LA. REV. STAT. § 14:81(A)(1) is also too broad to constitute sexual abuse of a minor because it encompasses actions that do not constitute "abuse" as contemplated by the meaning of sexual abuse of a minor. He maintains that this is because LA. REV. STAT. § 14:81(A)(1) covers actions such as consensual petting between teenagers close in age that does not constitute abuse under any reasonable definition of abuse.

No. 13-41093

A statute involves a minor in this context so long as it requires that the victim be under 18 years of age. *Rodriguez*, 711 F.3d at 560. An act is "sexual" if it has "sexual arousal or gratification as its purpose." *Izaguirre-Flores*, 405 F.3d at 275. Conduct is "abusive" if it "involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm." *Id.* at 275-76.

LA. REV. STAT. § 14:81(A)(1) falls within the generic meaning of sexual abuse of a minor because it requires the victim to be under the age of 17, therefore meeting the requirement of a minor; because it requires lewd and lascivious conduct with the intention of arousing or gratifying sexual desires, therefore meeting the sexual requirement; and because it requires the sexual act to be done in the minor's presence, therefore meeting the abusive requirement. *See Rodriguez*, 711 F.3d at 560; *United States v. Romero-Rosales*, 690 F.3d 409, 411-13 (5th Cir. 2012); *Izaguirre-Flores*, 405 F.3d at 275-76. Furthermore, if we were to hold that LA. REV. STAT. § 14:81(A)(1) does not fall within the generic, contemporary definition of sexual abuse of a minor because, as Duron argues, it encompasses consensual sexual conduct between teenagers with as small an age differential as two years and one day, we would be requiring that there be a sufficiently large age differential requirement for a state statute to constitute sexual abuse of a minor. As noted above, this court has already rejected such an age differential requirement. *See Rodriguez*, 711 F.3d at 562 n.28.

AFFIRMED.

4