## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50788

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR RENE MARTINEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-348-1

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Oscar Rene Martinez ("Martinez") appeals his sentence of 41 months of imprisonment based on his conviction for unlawful reentry into the United States in violation of 8 U.S.C. § 1326. Martinez argues that the district court committed plain error in applying a 16-level enhancement pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) for Martinez's alleged commission of a "crime of violence" based on his prior conviction under New Jersey law for fourth

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50788

degree lewdness, N.J. State. Ann. § 2C:14-4b(1). For the following reasons, we VACATE Martinez's sentence and REMAND for RESENTENCING.

## BACKGROUND

In 2013, Martinez pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326 without the benefit of a plea agreement. The presentence investigation report ("PSR") calculated a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a). It then recommended adding a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on its determination that Martinez's New Jersey lewdness conviction qualified as a "crime of violence." Finally, the PSR recommended subtracting three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of twenty-one. This total offense level, coupled with a criminal history category of III, resulted in a recommended range of imprisonment of 46 to 57 months.

At sentencing, Martinez argued that his criminal history category should be adjusted downward because it was premised in part on a 2010 weapons possession offense, which arose from an incident that had escalated as a result of Martinez's inability to understand English. Based on this explanation, the district court adjusted Martinez's criminal history category from III to II.

In addition, Martinez objected to the 16-level crime of violence enhancement recommended in the PSR. That objection, however, was made off-the-record and the specific basis of Martinez's objection is therefore unclear. When the parties went back on the record, Martinez's counsel stated that a petition for writ of certiorari had been filed in the Supreme Court regarding a prior en banc case of this Court, *United States v. Rodriguez*, 711 F.3d 541 (5th Cir.) (en banc), *cert denied*, 134 S. Ct. 512 (2013) and that "assuming the Supreme Court does address that, we would object in hope of preserving that

objection for future relief."    No further details regarding the grounds of Martinez's objection were provided.

In resolving Martinez's objection, the district court stated, "the 16-level increase . . . will stand for right now . . . unless the Supreme Court rules otherwise." The district court then calculated Martinez's Guidelines range as falling between 41 to 51 months and sentenced Martinez to the lowest term of imprisonment within that range. This appeal followed.

## STANDARD OF REVIEW

Ordinarily, this Court reviews "the district court's application and interpretation of the sentencing guidelines *de novo* and its factual findings for clear error." *United States v. Gonzales–Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). Under this standard, the issue of whether the district court properly characterized a prior criminal conviction as a "crime of violence" under the Sentencing Guidelines presents a legal question subject to *de novo* review. *Rodriguez*, 711 F.3d at 548; *United States v. Olalde–Hernandez*, 630 F.3d 372, 373 (5th Cir. 2011). However, whereas here a criminal "defendant has failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited," and the Court reviews for plain error. *See United States v. Chavez–Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). The parties agree that plain error review is appropriate in this case.

Under plain error review, this Court may reverse a trial court's decision if the following requirements are met: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Medina–Torres*, 703 F.3d 770, 774 (5th Cir. 2012) (per curiam) (internal quotations omitted); *accord United States v. Gracia–Cantu*, 302 F.3d 308, 310 (5th Cir. 2002). If these three elements are satisfied, the Court may exercise its discretion to remedy the error if it "seriously affects the fairness,

integrity, or public reputation of judicial proceedings." *Medina–Torres*, 703 F.3d at 774 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## DISCUSSION

Applying the first prong of the plain error analysis, we first determine whether there was an error. A defendant convicted of illegal reentry is subject to a substantial Guidelines enhancement if he was convicted of a "crime of violence" prior to his deportation. *Rodriguez*, 711. F.3d at 548 (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)); *United States v. Izaguirre–Flores,* 405 F.3d 270, 272 (5th Cir. 2005). The application notes to § 2L1.2 of the Guidelines defines "crime of violence" by reference to a list of enumerated generic offenses, which includes amongst them "sexual abuse of a minor." U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n. 1(B)(iii). This appeal concerns whether Martinez's conviction for fourth degree lewdness fits within the definition of "sexual abuse of a minor."

To determine whether a defendant's prior conviction under state law qualifies as a crime of violence under the Guidelines, we use the categorical approach articulated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *Rodriguez*, 711. F.3d at 549; *Gonzales–Terrazas*, 529 F.3d at 296-97. Under this approach, our analysis is grounded in the statute of conviction "not the defendant's underlying conduct." *United States v. Calderon–Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (en banc) (per curiam). "Because we look to the statute of conviction rather than the facts of the crime, 'we must presume that the conviction rested upon nothing more than the least of the acts criminalized.'" *United States v. Amaya*, 576 F. App'x 416, 419 (5th Cir. 2014) (per curiam) (quoting *Moncrieffe v. Holder*, ___U.S. ___, 133 S.Ct. 1678, 1684 (2013)); *see also United States v. Carrasco–Tercero*, 745 F.3d 192, 198 (5th Cir. 2014) ("[T]he categorical approach assumes that the defendant committed the least culpable act to satisfy the count of conviction . . . .").

No. 13-50788

Pursuant to this Court's en banc decision in *United States v. Rodriguez*, where the Guidelines enhancement turns on the meaning of an offense category that is not defined at common law, as is the case here, we "determine[] the 'generic, contemporary meaning'" of the triggering offense for purposes of the analysis. *Rodriguez*, 711. F.3d at 552. In making this determination, we employ a "plain-language approach, relying on the common meaning of terms as stated in legal and other well-accepted dictionaries." *Id.* at 550, 552; *see also Izaguirre–Flores,* 405 F.3d at 275; *United States v. Zavala–Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000). Once we determine the meaning of the relevant offense category, we "look to the elements of the state statute of conviction and evaluate whether those elements comport" with the generic meaning of the offense. *Rodriguez*, 711 F.3d at 552-53. "If the state definition . . . is broader than the generic definition [of the offense category], a conviction under that state's law cannot serve as a predicate for the crime of violence enhancement." *United States v. Garcia–Figueroa*, 753 F.3d 179, 187 (5th Cir. 2014) (internal quotations omitted).

"To demonstrate that the state definition is broader than the generic definition [of the offense category], the defendant must show more than a 'mere theoretical possibility' that the statute of conviction criminalizes conduct that does not fall within" the meaning of the Guidelines offense. *Id.* (internal quotations omitted). Rather, pursuant to the Supreme Court's decision in *Gonzales v. Duenas–Alvarez* a defendant must show a "realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of [the] crime." *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007). "To show a realistic probability, an offender must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special manner for which he argues." *United States v. Teran–Salas*, 767 F.3d 453, 460 (5th Cir. 2014) (alterations and internal quotations omitted); *see*

No. 13-50788

*also United States v. Ortiz–Gomez*, 562 F.3d 683, 687 (5th Cir. 2009); *United States v. Moreno–Florean*, 542 F.3d 445, 456 (5th Cir. 2008).

Martinez's lewdness conviction was the result of his plea of guilty to N.J. Stat. Ann. § 2C:14-4b(1), which provides:

b. A person commits a crime of the fourth degree if:

(1) He exposes his intimate parts for the purpose of arousing or gratifying the sexual desire of the actor or of any other person under circumstances where the actor knows or reasonably expects he is likely to be observed by a child who is less than 13 years of age where the actor is at least four years older than the child.

He argues that this statute does not qualify as a crime of violence because it criminalizes conduct that does not fall within the generic meaning of "sexual abuse of a minor." Specifically, Martinez contends that the generic, contemporary meaning of the term "abuse," requires a minor to be actually, or at least constructively, present for the lewd act and to experience harm. According to Martinez, the statute under which he was convicted criminalizes conduct that falls outside this definition. We agree.

We have repeatedly interpreted the term "abuse" to include a component of harm to a minor. *See United States v. Duron–Rosales*, No. 13-41093, 2014 WL 6357180, at \*2 (Nov. 17, 2014) (per curiam) (unpublished) ("Conduct is 'abusive' if it 'involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm.'") (quoting *Izaguirre–Flores,* 405 F.3d at 275-76); *Zavala–Sustaita*, 214 F.3d at 604-05 (abuse involves "wrongly and improperly using the minor and thereby harming the minor");[1] *see also Olalde-Hernandez*, 630 F.3d at 375; *United States v. Balderas–Rubio*, 499 F.3d 470 (5th Cir. 2007); *United States v. Najera–Nejera*,

---

[1] Although the *Zavala-Sustaita* Court construed the phrase "sexual abuse of a minor" as it is used in 8 U.S.C. § 1101(a)(43) rather than in U.S.S.G. § 2L1.2, we have held that the "generic meaning" of the phrase is the same in both contexts. *United States v. Najera-Nejera*, 519 F.3d 509, 512 n.2 (5th Cir. 2008).

519 F.3d 509, 512 (5th Cir. 2008). On its face, the New Jersey statute under which Martinez was convicted criminalizes behavior that does not include such harm. An individual may be convicted of the offense if he commits lewd acts when he is only "likely to be observed by a child." N.J. Stat. Ann. § 2C:14-4b(1). Put another way, the fourth degree lewdness statute may be violated where no actual minor is present and where no actual minor is harmed.

New Jersey case law confirms that there is a "realistic possibility" that the statute is applied consistent with its plain language. *See e.g.*, *State v. Zeidell*, 713 A.2d 401, 409 (N.J. 1998) (explaining that the *sine qua non* of lewdness is the "*subjective* belief by the actor that he or she is being viewed") (emphasis added)); *State v. Breitweiser*, 861 A.2d 176, 185 (N.J. Super. Ct. App. Div. 2004) ([T]o sustain a conviction for fourth-degree lewdness . . . "[i]t is sufficient that the evidence show . . . that . . . the actor knows or reasonably expects he is likely to be observed . . . . Actual victim observation is not required.") (internal quotations omitted)). Indeed, one New Jersey appellate court upheld a conviction by construing the statute in the precise manner that Martinez indicates. *See State v. Roman*, 2012 WL 1123542 (N.J. Super. Ct. App. Div. April 5, 2012) (per curiam). In that case, the court upheld a defendant's conviction under § 2C:14-4b(1) where it was undisputed that no child was actually present during the defendant's lewd activity. *See id.* at *4. In doing so, the court relied on the New Jersey Supreme Court's statement in *Zeidell*, that the statute required only that "the actor . . . expose . . . himself or herself knowing or reasonably expecting that an underage child will observe the conduct." *Id.* at *3 (quoting *Zeidell*, 713 A.2d at 408) (alterations and quotation marks omitted). No victim's actual observation was required. *Id.* at *4.

Based on the plain language of the statute and New Jersey case law interpreting it, we find that there is a realistic probability that Martinez's

lewdness conviction does not fall within the generic meaning of "sexual abuse of a minor." For this reason the application of the sixteen-level "crime of violence" enhancement to his sentence was error.

We also find that this error was plain in the sense that it was clear. As discussed, our precedent interpreting the term "abuse" to include a component of harm to a minor is well established, and one need not look much further than the face of the New Jersey statute itself to conclude that this component is absent. *See* N.J. Stat. Ann. § 2C:14-4b(1). At oral argument, the government suggested that the error in this case was not clear because the only New Jersey case to squarely determine that a minor need not actually exist for a violation to occur is the unpublished New Jersey appellate court decision *State v. Roman.* According to the government, an unpublished decision does not sufficiently demonstrate the realistic possibility requirement for purposes of plain error.

However, we have found the realistic possibility requirement met without the benefit of a specific state decision on point in circumstances where the plain language of the statute clearly criminalized conduct outside of the Guidelines offense. *See United States v. Ortiz–Gomez*, 562 F.3d 683, 685-87 (5th Cir. 2009) (holding that "it is apparent from its face" that a Pennsylvania arson statute lacked the element of a "use of force" and there was therefore "a realistic probability that Pennsylvania courts would" interpret the defendant's statute of conviction to apply to conduct that was not a crime of violence (footnote omitted)). Further, we have found the clear and obvious element of plain error satisfied, albeit in a different sentencing context, based on the clear language of the defendant's statute of conviction. *See United States v. Maturin*, 488 F.3d 657, 663 (5th Cir. 2007) ("While this court has never expressly determined that the crime of concealing assets in a bankruptcy proceeding does not have a scheme, conspiracy, or pattern of criminal activity as an element,

No. 13-50788

. . . it is indisputably clear from a reading of the plain statutory language . . . . We therefore find that the district court's error was plain."). Thus, where "it is apparent from its face" that the statute of conviction applies to conduct outside of the generic Guidelines definition, it is hard to understand how the error cannot be clear. *See Ortiz–Gomez*, 562 F.3d at 685.

Nor is it apparent why an unpublished state decision—which demonstrates that a state has in fact applied a statute in a manner broader than the generic definition of the Guidelines offense—is insufficient to demonstrate a realistic possibility that the statute would be applied in this overbroad manner. We have previously considered unpublished state cases in conducting the categorical inquiry. *See e.g.*, *United States v. Sanchez–Torres*, 136 F. App'x 644, 647 (5th Cir. 2005) (per curiam); *United States v. Lee*, 310 F.3d 787, 791 (5th Cir. 2002). This makes good sense. "In determining the actual application of a statute, a conviction is a conviction, regardless of the manner in which it is reported." *Nicanor–Romero v. Mukasey*, 523 F.3d 992, 1005 (9th Cir. 2008) (discussing the role of unpublished decisions in the categorical analysis), *overruled on other grounds by Marmolejo–Campos v. Holder*, 558 F.3d 903, 911 (9th Cir. 2009) (en banc); *see also Leal v. Holder*, __ F.3d __, 2014 WL 5742137, at *3 (9th Cir. Nov. 6, 2014). Indeed, as the Supreme Court has observed, "criminal justice today is for the most part a system of pleas," *see Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012), and a decision of a state's appellate court, therefore, is potentially indicative of numerous instances in which the state's prosecuting authority has secured convictions from conduct that falls outside of the generic definition of a Guidelines offense.

Accordingly, whereas here, it is apparent from its plain language, that a statute criminalizes conduct outside what we have repeatedly held is required by the definition of a Guidelines offense, and state court decisions interpret the

statute consistent with this plain language, the application of the Guidelines enhancement to the statute constitutes clear error.

We also find that the error in this case affected Martinez's substantial rights and deem it appropriate to exercise our discretion to correct the error to maintain the fairness and integrity of the proceeding. "A sentencing error affects a defendant's substantial rights if he can show 'a reasonable probability that but for the district court's misinterpretation of the Guidelines, he would have received a lesser sentence." *United States v. Garcia–Montejo*, 570 F. App'x 408, 413 (5th Cir. 2014) (per curiam) (alterations omitted) (quoting *Gonzales–Terrazas*, 529 F.3d at 284). The erroneous application of the Guidelines enhancement here resulted in a recommended range of 41 to 51 months. Without the enhancement, Martinez would have faced a range of only 8 to 14 months.[2] We have found sentencing errors that resulted in less of a disparity to have affected a defendant's substantial rights and corrected them on plain error review. *See Gonzales–Terrazas*, 529 F.3d at 298-99; *United States v. Villegas*, 404 F.3d 355, 364-65 (5th Cir. 2005) (per curiam).

Further, the district court gave Martinez the lowest possible sentence available under the incorrect guidelines range and adjusted his criminal history category from III to II. The court's comments during sentencing indicate that it would have been willing to revisit Martinez's sentence if the Supreme Court altered our Court's precedent. Under these circumstances it seems likely that the district court would have given Martinez a different sentence absent the Guidelines misinterpretation.

---

[2] We conduct this analysis assuming that Martinez's prior weapons possession conviction constituted a felony under U.S.S.G. § 2L1.2(b)(1)(D). The record, however, does not confirm this assumption and so the 8 to 14 month guidelines range we utilize is for purposes of analysis only. If Martinez's weapons possession conviction was not a felony, the resulting guidelines range without the erroneous enhancement would have been 1 to 7 months.

No. 13-50788

The government argues that we should not exercise our discretion to correct the error in this case because the fairness and integrity of the judicial proceeding, according to the government, was not implicated by the district court's error. In support of this argument, the government invites us to rely on a section of the PSR that references allegations in a criminal information, which charged Martinez with a different crime than the lesser offense to which he pleaded and was convicted. This criminal information allegedly contained allegations that a child may have been present at the time Martinez committed his lewd acts. The criminal information is not included in the record and the documents that compose the judgment of conviction to the actual offense to which Martinez pleaded do not make any reference to these allegations.

Even when employing a modified categorical analysis, an analysis which no party argues should apply to this case, the Supreme Court has instructed that a sentencing court is confined to the narrow set of documents that compose the record of conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013); *Shepard v. United States,* 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602. Following this precedent, we have recognized that the record of conviction is necessarily limited to "records made or used in adjudicating" the defendant's guilt. *Teran–Salas*, 767 F.3d at 459; *accord United States v. Bonilla*, 524 F.3d 647, 652 (5th Cir. 2008). These limitations are not mere contrivances, they are grounded in "Sixth Amendment concerns . . . and the practical difficulties and potential unfairness of a [non-categorical] factual approach." *Descamps*, 133 S. Ct. at 2287 (internal quotation marks omitted). Thus, because the criminal information referenced in the PSR related to a different statute under which Martinez neither plead nor was convicted, we are prohibited from considering it in this case.

We fail to see how doing that which the Supreme Court and our own precedent expressly prohibit will preserve the fairness and integrity of a

proceeding that is otherwise affected by error.[3]  We therefore decline to rely on references in the PSR to documents that do not compose the record of conviction.  Accordingly, we find the final prong of the plain error test satisfied.

## CONCLUSION

For these reasons, we VACATE Martinez's sentence and REMAND for RESENTENCING.

---

[3] Nor can Martinez be faulted for failing to object to the PSR's mere reference to the criminal information where neither the PSR nor the district court purported to rely on it in applying the Guidelines.  A defendant cannot be expected to interpose an objection where no error has occurred.  *See United States v. Escalante–Reyes*, 689 F.3d 415, 422 (5th Cir. 2012) (en banc) (explaining that the "contemporaneous objection rule is, in part, intended to prevent lawyers from deliberately withholding an objection in an effort to gain another 'bite at the apple'").